IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NUEMI RUIZ, § | |
| § | |
| *Plaintiff*, § | |
| § | CIVIL ACTION NO. |
| vs. § | 4:14-cv-750-O |
| § | |
| VERIZON COMMUNICATIONS, INC., § | |
| D/B/A VERIZON WIRELESS, § | |
| § | |
| *Defendant*. § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Verizon Communications, Inc.[1] alleged to be doing business as Verizon Wireless ("Defendant" or "Verizon Communications") files this Original Answer (the "Answer") to Plaintiff's Original Complaint (the "Complaint") and in support thereof would show as follows:

### I.    NATURE OF ACTION

1.    Defendant admits that Plaintiff, Nuemi Ruiz ("Plaintiff"), alleges that Defendant engaged in unlawful practices under the Telephone Consumer Protection Act ("TCPA"), but denies the remaining allegations in paragraph 1 of the Complaint.

2.    Defendant admits that Plaintiff alleges that Defendant made a prerecorded message call that violated the TCPA. Defendant denies the remaining allegations in paragraph 2 of the Complaint.

---

[1] The proper party, Dallas MTA LP d/b/a Verizon Wireless, was incorrectly identified as Verizon Communications, Inc. d/b/a Verizon Wireless in Plaintiff's Original Complaint. Verizon Communications, Inc. does not do business as Verizon Wireless. Dallas MTA LP does business as Verizon Wireless, is a separate entity and is the proper Defendant in this case. Defendant Verizon Communications, Inc. asks that Plaintiff amend her Complaint to reflect the proper Defendant in this matter.

## II.   JURISDICTION AND VENUE

3. Defendant admits the Court has jurisdiction over Plaintiff's claim as alleged under 47 U.S.C. § 227(f)(2), but denies the remaining allegations in paragraph 3 of the Complaint.

4. Defendant admits that it conducts business in this state, but denies the remaining allegations in paragraph 4 of the Complaint.

5. Defendant admits that were it a proper party to this suit, venue would be proper pursuant to 28 U.S.C. § 1391b and 47 U.S.C. § 227(f)(4).

6. Defendant admits that venue is proper in the Northern District of Texas, Fort Worth Division, based on Plaintiff's allegation that she resides in Tarrant County, Texas. Defendant further admits that it transacts business in Tarrant County, Texas. Defendant lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 6 of the Complaint, and therefore denies them.

7. Because Plaintiff has sued the wrong party, Defendant denies the allegations in paragraph 7 of the Complaint.

## III.   PARTIES

8. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 8 of the Complaint, and therefore denies them.

9. Defendant denies that it does business as Verizon Wireless as alleged in paragraph 9 of the Complaint, but admits that it has its principal office at 140 West Street, New York, NY 10007.

10. Defendant admits the allegation of paragraph 10 of the Complaint.

## IV.   FACTUAL ALLEGATIONS

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 22 of the Complaint, and therefore denies them.

23. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 23 of the Complaint, and therefore denies them.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 31 of the Complaint, and therefore denies them.

32. Defendant admits that Plaintiff has not given her express consent, written or otherwise, to Defendant to call her wireless cellular telephone, but in any event denies that Defendant called Plaintiff's cellular phone as alleged.

33. Defendant admits that it has no present or prior established relationship with Plaintiff, but denies the remaining allegations in paragraph 33 of the Complaint.

34. Defendant admits the allegations in paragraph 34 of the Complaint

35. Defendant lacks sufficient knowledge to admit or deny the allegations in paragraph 35 of the Complaint, and therefore denies them.

## V.   COUNT I

36. Paragraph 36 is a statement that Defendant is not required to admit or deny.

37. Defendant admits that it does not have an established business relationship with Plaintiff, but denies the remaining allegations in paragraph 37 of the Complaint.

38. Defendant denies each and every material allegation of paragraph 38 of the Complaint.

39. Defendant denies each and every material allegation of paragraph 39 of the Complaint.

40. Defendant admits that Plaintiff purports to quote 47 U.S.C. § 227(b)(1)(A) in paragraph 40 of the Complaint. Defendant denies each and every remaining material allegation of subparagraphs (a)-(d) of paragraph 40 of the Complaint.

## VI.   COUNT II

41. Paragraph 41 is a statement that Defendant is not required to admit or deny.

42. Defendant denies each and every material allegation of paragraph 42 of the Complaint.

43. Defendant admits that Plaintiff purports to quote 47 U.S.C. § 227(b)(1)(A)(iii) in paragraph 43 of the Complaint. Defendant denies each and every remaining material allegation of subparagraphs (e)-(h) of paragraph 43 of the Complaint.

## VII.  AFFIRMATIVE DEFENSES

44. Defendant affirmatively pleads that Plaintiff fails to state a claim upon which relief could be granted under the TCPA because Defendant Verizon Communications is not a proper party to this suit.

45. Defendant affirmatively pleads that Plaintiff did not perfect service on the proper party to this suit.

46. Defendant affirmatively pleads that any unsolicited telephone messages received by Plaintiff were not sent from an "automatic telephone dialing system" as defined by the TCPA.

47. To the extent that Plaintiff received any unsolicited telephone messages, which is denied for lack of information on which to justify a belief, Defendant affirmatively pleads that same was performed or caused to be performed by others for whose actions Defendant is not responsible.

48. Defendant affirmatively pleads that Plaintiff's claim for treble damages is barred in whole or in part to the extent that Plaintiff seeks damages for willful violations of the TCPA because Defendant did not act willfully or knowingly.

49. Defendant affirmatively pleads that Plaintiff's claim is barred to the extent that Plaintiff seeks equitable remedies, but comes to the Court with unclean hands.

50. Defendant affirmatively pleads that Plaintiff has failed to mitigate or reasonably attempt to mitigate her alleged damages, if any, the entitlement to which is expressly denied.

## VIII. PRAYER

Defendant Verizon Communications, Inc. respectfully requests Plaintiff take nothing by her way of claims; that Defendant Verizon Communications, Inc. be permitted to recover its costs expended on its behalf; and for such further relief, both at law and in equity, to which Defendant Verizon Communications, Inc. may show itself to be justly entitled.

Date: October 6, 2014　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Courtney Barksdale Perez*
　　　　　　　　　　　　　　　　　　　　E. Leon Carter
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 03914300
　　　　　　　　　　　　　　　　　　　　lcarter@carterscholer.com
　　　　　　　　　　　　　　　　　　　　Courtney Barksdale Perez
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24061135
　　　　　　　　　　　　　　　　　　　　cperez@carterscholer.com
　　　　　　　　　　　　　　　　　　　　Stacey H. Cho
　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24063953
　　　　　　　　　　　　　　　　　　　　scho@carterscholer.com
　　　　　　　　　　　　　　　　　　　　**CARTER SCHOLER ARNETT HAMADA & MOCKLER, PLLC**
　　　　　　　　　　　　　　　　　　　　8150 N. Central Expressway, 5th Floor
　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75206
　　　　　　　　　　　　　　　　　　　　T: 214.550.8188 | F: 214.550.8185

　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2014, a true and correct copy of the foregoing motion was served through the court's electronic filing system.

　　　　　　　　　　　　　　　　　　　　*/s/ Courtney B. Perez*
　　　　　　　　　　　　　　　　　　　　Attorney for Defendant